UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20550-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

YURI SUCART, et al.,

    Defendants.
_____/

## GOVERNMENT'S SPEEDY TRIAL REPORT

The United States, by and through the undersigned Assistant United States Attorney, hereby files its Speedy Trial Report, in accordance with S.D. Fla. L. R. 88.5

1. On July 31, 2014, an Indictment was filed and arrest warrants were issued for defendants Yuri Sucart ("Sucart"), Jorge Agustine Velazquez, ("Velazquez"), Christopher Benjamin Engroba ("Engroba"), Juan Carlos Nuñez ("Nuñez"), and Lazaro Daniel Collazo ("Collazo"). (DE 3). On August 5, 2014, Sucart, Velazquez, Engroba, and Nuñez were arrested. All four made their initial appearances before a Magistrate Judge on August 5, 2014 (DE 10, 12, 13, 14). Collazo was arrested, and made his initial appearance on August 13, 2014. (DE 43).

2. Engroba was arraigned on August 5, 2014. (DE 13).

3. Sucart was arraigned on August 14, 2014. (DE 47).

4. Nuñez was arraigned on August 15, 2014. (DE 56).

5. Collazo was arraigned on August 19, 2014 (DE 62).

6. Velazquez was arraigned on August 25, 2014 (DE 74).

## CALCULATION OF SPEEDY TRIAL PERIOD

1. The Speedy Trial Act provides, in pertinent part, that: "[t]he trial of a defendant charged in an … indictment with the commission of an offense shall commence within seventy (70) days from the filing … of the indictment, or from the date the defendant appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time [seventy days] within which trial must start." United States v. Zedner, 126 S.Ct. 1976, 1983 (2006).

2. The Speedy Trial period on the defendants' Indictment began to run in this case on August 26, 2014, the day after defendant Velazquez was arraigned. See 18 U.S.C. § 3161 (c)(1); Chambliss v. United States, 2010 WL 2511387*1 (11th Cir. June 23, 2010) ("If a case involves multiple defendants, the 70-day period begins to run after the last codefendant is indicted or arraigned."); United States v. Campbell, 706 F.2d 1138, 1140 n.1 (11th Cir. 1983) (hearing date is excluded under § 3161(h)(1) as "delay resulting from other proceedings concerning the defendant"); United States v. Williams, 314 F.3d 552, 557 (11th Cir. 2002) (the day of an initial appearance is excludable as a "proceeding concerning the defendant").

3. Among these periods of exclusion, are any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(D). For those pre-trial motions which do not require a hearing, the Act excludes the time needed for a prompt disposition of the motion. United States v. Elkins, 795 F.2d 919 (11th Cir. 1986) (after motion which does not require a hearing is taken under advisement, it should be disposed of within 30 days under § 3161 (h)(1)(D)). If the court has all the necessary information before it when the motion is filed, then

30 days is excluded for disposition of the motion. United States v. Davenport, 935 F.2d 1223 (11th Cir. 1991). In computing time, neither the day on which a motion is filed, nor the day on which the court disposes of the motion are counted. United States v. Yunis, 723 F.2d 795 (11th Cir. 1984).

5.   Also excluded is any "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6). Thus, in general, a motion filed by one codefendant tolls the running of the speedy trial clock as to the other defendants joined in the case, regardless of whether the other defendants adopt or join in the motion. See United States v. Mendoza-Cecelia, 963 F.2d 1467, 1476 (11th Cir. 1992) ("Delays caused by motions concerning one defendant are generally also excludable for all codefendants.").

7.   As of August 26, 2014, no pre-trial motion has been filed with the Clerk of the Court by either party to the case that would result in the tolling of the speedy trial clock as to all co-defendants.[1] In addition, no other periods of delay under the Act are applicable to this case. Therefore, the government would opine that based on Title 18 U.S.C. § 3161(h)(6), the seventieth (70) day from the date of the arraignment of the last defendant in this case for purposes of speedy trial will be Tuesday, November 4, 2014.

---

[1]   Both parties to the case have filed various pre-trial motions to which the Court granted immediate relief without the need for a hearing. Since the speedy trial clock period began to run on August 26, 2014, the date after the arraignment of defendant Velazquez, the filing of the parties' pretrial motions, which were resolved before that date, have no effect on the tolling of the speedy trial period.

      Respectfully submitted,

      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

By /s/ Michael P. Sullivan
  Michael P. Sullivan
  Assistant U.S. Attorney
  U.S. Attorney's Office
  Florida Bar No. 134814
  99 NE 4th Street, Suite 800
  Miami, FL 33132
  Telephone: 305-961-9274
  Email: pat.sullivan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2014, I electronically filed the foregoing Government's Speedy Trial Report with the Clerk of the Court using CM/ECF.

     By: /s/ Michael P. Sullivan
       MICHAEL P. SULLIVAN
       Assistant United States Attorney