# EXHIBIT 2

## CONFIDENTIAL SETTLEMENT AGREEMENT, COVENANTS NOT TO SUE AND RELEASES

This Settlement Agreement, Covenants Not to Sue and Releases (the "Settlement Agreement") is made and entered into as of the 5 day of June, 2013 by, between and among Alexander Rodriguez ("Mr. Rodriguez"), ARod Corporation and Newport Property Ventures, Ltd. on the one hand, and Yuri Sucart ("Sucart") and Carmen Sucart ("Mrs. Sucart" and with Sucart, collectively, the "Sucarts"),[1] on the other hand.

WHEREAS, beginning in 1996, Sucart was employed by Mr. Rodriguez, ARod Corporation and/or Newport Property Ventures, Ltd. as Mr. Rodriguez's personal assistant;

Whereas, Sucart was terminated by ARod Corporation in November, 2012; Sucart alleges that he was wrongfully terminated, and Arod Corporation has denied such allegation;

WHEREAS, as a result of Sucart's role as Mr. Rodriguez's personal assistant, the Sucarts have acquired knowledge of certain information of a personal, sensitive, proprietary and confidential nature with respect to, among others, Mr. Rodriguez, ARod Corporation and/or Newport Property Ventures, Ltd.;

WHEREAS, the Sucarts acknowledge that Mr. Rodriguez values his personal privacy and has taken steps to protect such privacy;

WHEREAS, certain employment-related disputes and differences have arisen between Mr. Rodriguez, ARod Corporation, Newport Property Ventures, Ltd. and the Sucarts concerning Sucart's entitlement to pay in connection with his employment from November 2012 forward, as well as certain tortious conduct that allegedly took place in that same time frame; and

WHEREAS, while the Parties expressly deny that any other Party has a valid claim against him, her or it, the Parties desire, in accordance with the terms of this Settlement Agreement, to amicably resolve all of their disputes and differences and to release all potential claims and counter-claims which could have been asserted by, between and among the Parties, without the admission of liability or fault on the part of any Party, and without further expense or the need for litigation.

NOW THEREFORE, in consideration of the foregoing premises and the mutual promises, covenants, agreements and obligations set forth herein, and for other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

1. **Settlement Payment.** Upon execution of this Settlement Agreement by all Parties, Newport Property Ventures, Ltd. shall remit to the Sucarts a payment of SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00). Thereafter, Newport Property Ventures,

---

[1] Mr. Rodriguez, ARod Corporation, Newport Property Ventures, Ltd. and the Sucarts are sometimes collectively referred to herein as the "Parties" and each individually a "Party."

Ltd. shall remit payments to the Sucarts as follows: (i) SEVENTY FIVE THOUSAND DOLLARS ($75,000) thirty days after execution of this Settlement Agreement by all Parties; (ii) SEVENTY FIVE THOUSAND DOLLARS ($75,000) sixty days after execution of this Settlement Agreement by all Parties; and (iii) FIFTY THOUSAND DOLLARS ($50,000) ninety days after execution of this Settlement Agreement by all Parties. All payments specified in this paragraph one shall be made payable to Sonn and Erez PLC Trust Account fbo Sucart.

2. **Additional Consideration.** In addition to the Settlement Payment, certain Additional Consideration, as defined herein, shall be tendered to the Sucarts, which consideration shall consist of, and be limited to the following:

i. Newport Property Ventures, Ltd. shall employ Sucart in the position of Property Manager, which position shall be unrelated to Mr. Rodriguez's professional baseball endeavors, and shall pay to Sucart an annual gross salary in the amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) for a period of five (5) years (the "Salary") from the date of execution of this Settlement Agreement by all Parties. Should Sucart pass away during this five-year term, the remaining payments due and owing to Sucart under this sub-paragraph for Salary shall be paid by Newport Property Ventures, Ltd. to Sucart's then surviving children on a *pro rata* basis in the same amounts and at the same time as such Salary payments would have been made to Sucart had he been alive;

ii. Newport Property Ventures, Ltd. shall pay all medical insurance costs for the Sucarts and the Sucarts' children, Yuri Sucart, Jr., Ashley Leoni Sucart, Alex Caminero, for a period of five (5) years from the date of execution of this Settlement Agreement by all Parties, up to an aggregate amount over the five years of THREE HUNDRED THOUSAND DOLLARS ($300,000) (the "Medical Insurance"). At the expiration of the five-year term, should the total cost of the medical insurance actually paid by Newport Property Ventures, Ltd. be less than THREE HUNDRED THOUSAND DOLLARS ($300,000), Newport Property Ventures, Ltd. shall pay the difference between the actual payments made hereunder and THREE HUNDRED THOUSAND DOLLARS ($300,000) to Sucart or, in the event of Sucart's death during the five-year term, his then surviving children on a *pro rata* basis. For the avoidance of doubt, if the total cost of the Medical Insurance over the five-year term exceeds $300,000, neither Mr. Rodriguez, ARod Corporation, nor Newport Property Ventures, Ltd. shall have any liability or obligation to make any payments in excess of $300,000. Should Newport Property Ventures Ltd., cease operations before Sucart has been employed for five years, Rodriguez shall cause one of his other companies, or himself, to employ Sucart in a non-baseball capacity upon the same terms and conditions specified above;

iii. ARod Corporation shall deliver free and clear title to a 2009 Chevrolet Suburban, Vehicle Identification Number 1gnfk36349j109602 (the "Automobile") to Sucart within sixty (60) days of the execution of this Settlement Agreement by all Parties; and

iv. Mr. Rodriguez shall execute and record in the Public Records of Miami-Dade County, Florida a deed conveying the property located at 12220 SW 87th Ave, Miami, Florida (the "Real Property") to ("NEWCO"), a Florida corporation whose shares shall be

wholly owned by Mr. Rodriguez. NEWCO shall permit the Sucarts and their children Yuri Sucart Jr., Ashley Leoni Sucart and Alex Caminero to reside in the Real Property for a period of five (5) years from the date of execution of this Settlement Agreement by all Parties. During this five-year term, NEWCO shall pay all taxes, insurance, repairs and mortgage expenses associated with the Real Property (the "Real Property Expenses" and together with the Salary, the Medical Insurance, the Automobile and the Real Property, shall be collectively referred to herein as the "Additional Consideration"). If the Sucarts have fully satisfied their obligations hereunder, at the expiration of the five-year term and within fifteen (15) days of the fifth anniversary of this agreement, , NEWCO shall execute and deliver a quit claim deed transferring free and clear title to the Real Property to a Florida corporation to be designated by the Sucarts (the "Transfer"). Mr. Rodriguez and NEWCO shall not, directly or indirectly, pledge, mortgage, lien or hypothecate the Real Property or any NEWCO shares during the five-year term. The Sucarts agree to indemnify and hold harmless NEWCO and Mr. Rodriguez for any liability they cause or create which NEWCO and/or Mr. Rodriguez may thereafter incur in connection with the Sucarts' and their children's possession of the Real Property. The Sucarts acknowledge and agree that: (1) their entitlement to the Additional Consideration, as well as their entitlement to the Transfer, all are expressly conditioned upon there being no breach of any of the provisions of this Settlement Agreement by any of them; and (2) they are due no future or additional payment, gifts, property, benefits or consideration from Mr. Rodriguez, Newport Property Ventures, Ltd., or ARod Corporation beyond the consideration that is set forth in Paragraphs 1 and 2 of this Settlement Agreement. For the avoidance of doubt, and without limiting the foregoing, in the event that either of the Sucarts breach or violate any of the terms of the Settlement Agreement, including, but not limited to, the terms set forth in Paragraphs 7-11 of the Settlement Agreement prohibiting disparagement and the publication of Confidential Information (as defined herein), all rights to the Additional Consideration and/or the Transfer, and the obligation to make future payments in connection with the Additional Consideration or to make the Transfer, immediately will become terminable at the election of Mr. Rodriguez, ARod Corporation and/or Newport Property Ventures Ltd.

3. **Reasonable Cooperation.** The Parties agree to provide each other with reasonable and truthful cooperation in the event that either is subject to any threatened or actual legal or other proceeding. Such reasonable and truthful cooperation may include being available for depositions, arbitration or court proceedings. This clause shall not impair any rights that any Party may have under any state or federal law that may affect such cooperation. Any expense incurred in providing such truthful and reasonable cooperation shall be borne by the Party that requests such truthful and reasonable cooperation, such as travel, room and board, and counsel fees.

4. **Counsel fees.** The Parties shall bear their own fees and costs relating to the dispute that is the subject of this agreement, except that Mr. Rodriguez shall bear the costs of mediation.

5. **Termination of the Employment Agreement.** Effective as of the date of this Settlement Agreement, the Parties acknowledge and agree that any oral, at-will employment agreement that may have existed between Mr. Rodriguez, ARod Corporation and/or Newport Property Ventures, Ltd. and Sucart, along with any and all rights, duties and obligations thereunder, is terminated. With the sole exception of this Settlement Agreement, the Sucarts acknowledge and agree that there exists no other agreement of any type (including any employment agreement), whether written, verbal or otherwise, between either of the Sucarts, individually or collectively, and either or all of Mr. Rodriguez, ARod Corporation or Newport Property Ventures, Ltd.

6. **Releases and Covenants Not to Sue.**

   (i) **By The Sucarts.** Each of Sucart and Mrs. Sucart, on their own behalf and on behalf of their principals, agents, representatives, successors, heirs and assigns, and any other person or entity who may in any fashion claim any interest in the subject matter of claims hereby released by, through or on behalf of any of the foregoing (collectively, the "Sucart Releasors"), hereby release and discharge Mr. Rodriguez, ARod Corporation, NEWCO and Newport Property Ventures, Ltd., including all of their respective members, officers, directors, subsidiaries and affiliates, stockholders, directors, officers, employees, attorneys and agents, and the administrators, successors, heirs and assigns of any of the foregoing (collectively, the "Rodriguez Releasees"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, liabilities, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands, whatsoever, in law, admiralty or equity, whether contingent, liquidated or not liquidated that, against the Rodriguez Releasees, the Sucart Releasors ever had, now have or hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to and including the day of the date of this Settlement Agreement (whether now known or unknown) including, without limitation, in relation to, arising from or concerning the provision of employment by Mr. Rodriguez, ARod Corporation and/or Newport Property Ventures, Ltd. to Sucart (collectively, the "Sucart Released Claims"). This release shall not release any obligations the Parties have to one another that were created by this Settlement Agreement.

   (ii) **By Mr. Rodriguez, ARod Corporation and Newport Property Ventures, Ltd.** Each of Mr. Rodriguez, ARod Corporation and Newport Property Ventures, Ltd., on their own behalf and on behalf of their respective members, officers, directors, subsidiaries and affiliates, stockholders, directors, officers, employees, attorneys and agents, and the administrators, successors, heirs and assigns of any of the foregoing and any other person or entity who may in any fashion claim any interest in the subject matter of claims hereby released by, through or on behalf of any of the foregoing (collectively, the "Rodriguez Releasors"), hereby release and discharge Sucart and Mrs. Sucart, including all of their respective principals, agents, representatives, successors, heirs and assigns (collectively, the "Sucart Releasees"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, liabilities, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands, whatsoever, in law, admiralty or equity, whether contingent, liquidated or not liquidated that, against the Sucart Releasees, the Rodriguez Releasors ever had, now have or hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to and including the day of the

date of this Settlement Agreement (whether now known or unknown) including, without limitation, in relation to, arising from or concerning the provision of employment by Mr. Rodriguez, ARod Corporation and/or Newport Property Ventures, Ltd. to Sucart (collectively, the "Rodriguez Released Claims"). This release shall not release any obligation the Parties have to one another that were created by this Settlement Agreement.

(iii) The Parties covenant and agree not to sue, or cause or assist any other person or entity to sue, the other Parties in connection with any of the claims released pursuant to this Settlement Agreement. Notwithstanding anything to the contrary herein, the releases in this Paragraph of the Settlement Agreement shall not operate so as to release or waive (a) any duties or obligations undertaken by the Parties in this Settlement Agreement or (b) any claims for breach of this Settlement Agreement.

7. **Preservation of Confidential Information.** The parties acknowledge and agree that they and their principals, agents, parents, subsidiaries, representatives, successors, heirs and assigns are prohibited from transmitting, communicating, disseminating, publishing or otherwise disclosing, and will not so disclose, to any person or entity, except as required by law, information of a personal, sensitive, confidential or proprietary nature (the "Confidential Information") regarding any Party to this agreement, , their family , their guests, friends, current and former teammates, other professional baseball players, other employees or representatives of the Rodriguez Family, and their business partners, including, but not limited to, information related to the business, personal, health, medical or other activities of any of the foregoing. The parties acknowledge and agree that all right, title and interest in and to the Confidential Information is and shall remain the sole property of the Party that is the subject of the Confidential information. The Parties acknowledge and agree that this Paragraph is a material provision of this Settlement Agreement, and that any breach of this Paragraph shall be a material breach of this Settlement Agreement.

8. **Return of Confidential Materials.** The parites understand and agree that all materials, documents, memoranda, reports and things of any description or nature containing or reflecting any Confidential Information that they have developed, obtained or received, whether in electronic or paper format or otherwise (the "Confidential Materials"), are the sole and exclusive property of the Party that is the subject of the confidential information. All right, title and interest in and to the Confidential Materials is and shall remain the sole property of the Party that is the subject of the confidential information. Nothing in this Settlement Agreement or in the past dealings between the parties shall be construed as granting any rights, license or otherwise, to the other Party in connection with any of the Confidential Information or the Confidential Materials. The parties further agree that, contemporaneously with the signing of this Settlement Agreement, they will return to one another any and all Confidential Materials (and, consistent with any discovery-related obligations they may have in connection with the Bankruptcy Case or otherwise, any and all copies of such Confidential Materials) that are in each Party's possession, custody or control. For the avoidance of doubt, the parties acknowledge and agree that, consistent with any discovery-related obligations they may have in connection with the Bankruptcy Case or otherwise, they will not retain any copies of any Confidential Material after returning said materials to one another, in accordance with this Paragraph. The parties further acknowledge and agree that, consistent with any discovery-related obligations they may

have in connection with the Bankruptcy Case or otherwise, they will not transfer, sell or offer for sale, to any third party whatsoever, any of the Confidential Material, Confidential Information. The parties acknowledge and agree that this Paragraph is a material provision of this Settlement Agreement, and that any breach of this Paragraph shall be a material breach of this Settlement Agreement. To the extent of any conflict between this Paragraph and Paragraph 4 herein, Paragraph 4 shall control.

9. **Confidentiality of Settlement Agreement.**

(i) The existence, terms and conditions of this Settlement Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of all Parties, except that the Parties may disclose the terms and conditions of this Settlement Agreement as required in the normal course of their businesses for such purposes as audits, insurance and accounting or as required by law, or otherwise to their professional advisors.

(ii) The Parties to this Settlement Agreement agree not to issue or cause any other person or entity to issue, any press release, or to make any other public statement or statement to the press or media, concerning this Settlement Agreement, unless required by law to do so.

(iii) Should any of the Parties receive any court order, subpoena or discovery request that seeks information concerning the terms and conditions, or a copy, of this Settlement Agreement (a "Request"), the Party receiving the Request shall provide to all other Parties written notice of such Request as soon as practicable. Such written notice shall, to the extent practicable, include a copy of the Request and identify the venue and parties requesting such information. The Parties will then have, to the extent practicable, a reasonable opportunity to object to such Request or to seek such other relief to prevent the production and/or disclosure of the requested information at that Party's sole discretion and expense. Should written notice of an objection to a Request not be received by the Party receiving the Request within ten (10) business days of having provided written notice of such Request to the other Party or such earlier period as required by applicable law or regulatory or court authority, the Party receiving the Request may comply with the Request.

(iv) The Parties acknowledge and agree that this Paragraph is a material provision of this Settlement Agreement, and that any breach of this Paragraph shall be a material breach of this Settlement Agreement.

10. **Prohibition Against Publication.** In addition to the foregoing confidentiality provisions, the parties acknowledge and agree that they are prohibited from making, causing to be made or assisting in causing to be made, and will not so make, whether directly or indirectly, any publication, in any medium (electronic, printed, photographic or otherwise) of any Confidential Information, Confidential Material or any other information about or photographs of any Party to this agreement members of their families and/or the guests, friends, teammates, other professional baseball players, other employees or representatives of the families business partners, family or other associates of members of the families of the parties. The parties also agree that they will not make, cause to be made or assist in causing to be made, whether directly or indirectly, any statements or references in any manner, or in any medium, to any fictitious or anonymous person or entity intended to or which reasonably could be construed to resemble any

of the parties to this agreement. The parties acknowledge and agree that this Paragraph is a material provision of this Settlement Agreement and that any breach of this Paragraph shall be a material breach of this Settlement Agreement.

11. **Non-Disparagement.** None of the Parties, their principals, agents, parents, subsidiaries, representatives, successors, heirs and assigns, including but not limited to Desiree Perez, Jose Gomez and Jose More, shall communicate, in writing or orally, to any person or entity anything which is or is reasonably likely to be construed as disparaging, derogatory, negative or critical of the other Party, except as may be required by law. Further, the parties, their agents, employees and their families hereby agree not to, directly or indirectly, in any capacity or manner, make issue, express, transmit, communicate, disseminate, disclose or publish in any way or authorize any remark, comment, message, information, declaration, communication or other statement of any kind, written or verbal, or cause, further, assist, solicit, support or encourage others to make any remark, comment, message, information, declaration, communication or other statement of any kind, written or verbal, that defames, disparages, reflects adversely upon or in any way criticizes the personal or business reputation, health, medical history, practices or conduct of any of the parties or families of the parties to this agreement, their agents or employees guests, friends, current and former teammates of the parties, other professional baseball players, other employees or representatives of the the parties, business partners, family or other associates or members of the families of the parties;; ARod Corporation and its representatives, employees, directors, and officers; Newport Property Ventures, Ltd. and its representatives, employees, directors, and officers; Desiree Perez; Jose Gomez; or Jose More. The parties and their agents and employees acknowledge and agree that this prohibition extends to any remark, comment, message, information, declaration, communication or other statement of any kind, written or verbal, made to any individual or entity, including but not limited to, the media, the Rodriguez Family, Major League Baseball and any of its employees, the New York Yankees and any of its employees, and any professional baseball organization whatsoever. The Parties acknowledge and agree that this Paragraph is a material provision of this Settlement Agreement, and that any breach of this Paragraph shall be a material breach of this Settlement Agreement.

12. **Injunctive Relief.** The parties acknowledge and agree that any breach, threatened breach of or failure to comply with any of the terms of this Settlement Agreement would cause irreparable harm and substantial damage to Mr. Rodriguez, the Rodriguez Family, other intended third-party beneficiaries, ARod Corporation and/or Newport Property Ventures, Ltd. The parties agree that in the event that any term of this Settlement Agreement is breached, threatened to be breached, or violated, the provision of monetary damages alone for such violation, breach or threatened breach would be inadequate, and that the nonbreaching party, will be entitled to obtain injunctive relief (without the necessity of proving actual damages or the posting of a bond or other security), other equitable relief, and attorneys' fees and costs, without waiving any additional rights or remedies available at law, in equity or by statute.

13. **Liquidated Damages.** The parties acknowledge and agree that any breach of, threatened breach of or failure to comply with any of the terms of this Settlement Agreement will cause the nonbreaching party to incur substantial economic damages and losses of types and in amounts which are impossible to compute and ascertain with certainty as a basis for recovery by the nonbreaching partyof actual damages, and that liquidated damages represent a fair,

reasonable and appropriate estimate thereof. Accordingly, in lieu of actual damages for such breach, threatened breach or failure to comply, the breaching party agrees that liquidated damages may be assessed and recovered by the nonbreaching party, as against the breaching party being required to present any evidence of the amount or character of actual damages sustained by reason thereof. Therefore the breaching party shall be liable to the nonbreaching party, for payment of liquidated damages in the amount of ONE MILLION DOLLARS ($1,000,000) for each actual breach, threatened breach or act of noncompliance with the terms of this Settlement Agreement. The parties expressly acknowledge that such liquidated damages are intended to represent estimated actual damages and are not intended as a penalty.

14. **No Admissions**. This Settlement Agreement and all negotiations, statements and proceedings in connection herewith (i) shall not constitute or in any manner be or deemed to be evidence of any admission or concession of any liability, fault or wrongdoing, all of which are hereby expressly denied and disclaimed by the Parties, and (ii) shall not be offered or received into evidence in any action or proceeding in any court, arbitration or tribunal, or used in any way as an admission, concession or evidence of any liability, fault or wrongdoing of any nature on the part of any Party in any proceeding, except this Settlement Agreement may be offered in evidence in an action or proceeding where enforcement of this Settlement Agreement is sought.

15. **Corporate Action**. Each of the Parties represents and warrants that he, she or it has all necessary power and authority and has taken all corporate action necessary to execute and deliver this Settlement Agreement, including the releases and covenants not to sue set forth herein on behalf of each releasing and covenanting Party, to consummate the transactions contemplated hereby and to perform his, her or its obligations hereunder. **THE UNDERSIGNED HAVE READ THIS AGREEMENT AND ACCEPT AND AGREE TO THE PROVISIONS IT CONTAINS, AND HEREBY EXECUTE IT VOLUNTARILY WITH FULL UNDERSTANDING OF ITS CONSEQUENCES AND TERMS.**

16. **No Additional Representations or Agreements**. This Settlement Agreement sets forth the full agreement and entire understanding among the Parties with respect to the subject matter hereof. No amendment, change or modification of any provision of this Settlement Agreement, or any waiver of any term or provision hereof, shall be effective unless in writing signed by the Party to be charged therewith. Other than the representations and warranties specifically set forth in this Settlement Agreement, which have been relied upon and are reserved, no representations or warranties of any kind have been made for the purpose of inducing any Party to execute this Settlement Agreement, and the Parties acknowledge and agree that they are not relying on any representations or warranties which are not set forth in this Settlement Agreement, and covenant and agree not to sue one another on the ground of fraud, omission, misrepresentation or any similar ground in connection with the execution and delivery of this Settlement Agreement. Prior to executing this Settlement Agreement, the Parties have had a full opportunity to consult with and seek the advice of their respective counsel, and have done so.

17. **Costs and Expenses**. Each Party shall bear his, her or its own costs and expenses incurred in connection with the negotiation, drafting and consummation of this Settlement Agreement.

18. **Successors, Subsidiaries, and Assigns.** This Settlement Agreement shall bind and inure to the benefit of the principals, agents, parents, subsidiaries, representatives, successors, heirs and assigns of the Parties.

19. **Counterparts.** This Settlement Agreement may be signed and delivered by facsimilie or email in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Settlement Agreement, which shall be binding on the principals, agents, parents, subsidiaries, representatives, successors, heirs and assigns of the Parties.

20. **Construction.** The terms and language of this Settlement Agreement are the result of negotiations between the Parties, and there shall be no presumption that any ambiguities in this Settlement Agreement should be resolved against any of the Parties. Any controversy concerning the construction of this Settlement Agreement shall be decided without regard to authorship.

21. **Headings.** Section headings or captions contained in this Settlement Agreement are used for reference only and shall not be deemed to govern or extend the terms of the Settlement Agreement.

22. **Necessary Acts.** The Parties agree to do any and all acts necessary and/or reasonably required in order to effectuate the purposes of this Settlement Agreement or to comply with its terms.

23. **Governing Law/Consent to Arbitration.** This Settlement Agreement shall be governed by and construed in accordance with the internal substantive laws of the State of Florida applicable to contracts executed and to be performed wholly within such State, without reference to principles of conflicts of law or choice of law that could trigger the application of the laws of any other jurisdiction. The Parties agree that any dispute under, concerning or relating to the terms of this Settlement Agreement shall be submitted for arbitration to be conducted in a private, confidential arbitration to take place in Miami, Florida, with one arbitrator selected by the Sucarts, a second arbitrator selected by Mr. Rodriquez, ARod Corporation and/or Newport Property Ventures, Ltd., and a neutral third arbitrator mutually selected by the aforementioned arbitrators in accordance with the rules promulgated by the Florida Arbitration Act. Judgment rendered by the arbitrators may be entered in any court of competent jurisdiction. In the event of arbitration, the prevailing Party shall be entitled to recover any and all reasonable attorneys' fees and expenses and other costs incurred in the enforcement of the terms of this Settlement Agreement.

24. **Notices.** All notices required to be given hereunder shall be given to the Parties by electronic mail and by either hand delivery, facsimile with confirmation of transmission or overnight mail, as follows:

If to the Sucarts:

Yuri and Carmen Sucart

12220 SW 87 Avenue
Miami Florida

With a copy to: Jeffrey Sonn, Esq.

Sonn & Erez PLC

500 East Broward Blvd. Suite 1700

Fort Lauderdale, Florida 33394

jsonn@sonnerez.com

If to Mr. Rodriguez, ARod Corporation and/or Newport Property Ventures, Ltd.:

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
Attn: James C. McCarroll
and Jordan W. Siev
Email: jmccarroll@reedsmith.com; jsiev@reedsmith.com
Facsimile: 212-521-5450

or at such other addresses as may be furnished by such Party in writing pursuant to this Paragraph.

25. **Unknown and Unanticipated Facts and Claims**. With respect to the Sucart Released Claims and the Rodriguez Released Claims, the Parties acknowledge the risk that, subsequent to the execution of this Settlement Agreement, any Party may discover facts or may incur, suffer or discover losses, damages or injuries which are unknown and unanticipated as of the date hereof, which, if known to that Party as of the date hereof, may have materially affected his, her or its decision whether to enter into this Settlement Agreement. Despite this knowledge and understanding, each Party hereto hereby expressly assumes the risk of any such unknown and unanticipated facts and claims, and hereby waives any alleged right to set aside or rescind this Settlement Agreement, as well as any and all rights under California Civil Code Section 1542 (and any similar provision under federal law or the law of any other state), which reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date first above written.

Newport Property Ventures, Ltd.
By: *Alex Rodriguez*
Name (Print) Alex Rodriguez
Title Principal

ARod Corporation
By: *Alex Rodriguez*
Name (Print) Alex Rodriguez
Title Principal

Alexander Rodriguez

Yuri Sucart

Carmen Sucart